No. 26-2132

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

COALITION FOR OPEN DEMOCRACY
*Plaintiff-Appellee*

v.

DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State; and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General, *Defendant-Appellants*

Appeal from the United States District Court for the District of New Hampshire
Case No. 1:26-cv-00647-JL-TSM

# RENEWED EMERGENCY MOTION TO EXPEDITE RESOLUTION OF MOTION TO STAY

JOHN M. FORMELLA
*Attorney General*

ANTHONY J. GALDIERI
*Solicitor General*

MICHAEL P. DEGRANDIS
*Assistant Attorney General*

New Hampshire Department of Justice
1 Granite Place South, Concord, NH 03301
(603) 271-3650

The New Hampshire Secretary of State and New Hampshire Attorney General, by and through the New Hampshire Department of Justice, submit this renewed emergency motion seeking expedited resolution of their motion to stay pending appeal, filed contemporaneously with this motion:

On October 2, 2026, the district court issued an order granting in part and denying in part the appellees' motion for preliminary injunction with respect to New Hamsphire House Bill 323 ("HB 323"), which removed student IDs from the list of documents that are valid proof of identity to obtain a ballot. ECF Doc No. 63. On October 5, the district court issued a subsequent order containing the terms of the preliminary injunction, as specified in its October 2 decision. ECF Doc. No. 63. The district court declined to enjoin HB 323 in its entirety in advance of the November 3 general election, concluding that the appellees had not demonstrated a likelihood of success on their challenges to the statute itself. The district court nonetheless enjoined guidance issued by the Secretary of State related to how HB 323 would be implemented and directed the Secretary to issue revised guidance.

On October 5—the next business day after the October 2 order and the same day the district court issued its Preliminary Injunction Order (ECF Doc No. 64)—the respondents filed a notice of appeal in the district court of the preliminary-injunction order. Defendants moved for a stay in this Court the very next day,

October 6, 2026. The Court ruled, however, that Defendants' oral motion prior to injunction-issuance may not have satisfied Rule 8(a)'s requirements. *See* Order of Ct. at 1 (Oct. 7, 2026). The Court denied the October 6 stay request without prejudice, affording Defendants the opportunity to seek a stay from the district court in the first instance. *Id.* Accordingly, Defendants immediately filed a Renewed Emergency Motion to Stay (ECF No. 70) in the district court, and the district court issued its Order Denying Stay (ECF No. 72) later that evening. Pursuant to the leave granted in this Court's October 7 Order, Defendants filed a Renewed Emergency Motion to Stay Preliminary Injunction Pending Appeal concurrently with this Motion to Expedite.

As set forth in the appellants' motion, the district court premised its order on an incorrect construction of New Hampshire law that usurps the Secretary of State's authority to interpret and direct the implementation of state election law. The *Purcell* principle and laches also weigh overwhelmingly in favor of staying an order issued barely one month before the general election that requires the Secretary of State to reverse training and guidance that it has been provided to local election officials and the electorate for months, particularly when the appellees waited months to file their lawsuit thereby forcing expedited treatment of their requests for relief.

This Court should expedite resolution of the appellants' motion to stay. *See N.Y. Youth Movement v. Scanlan*, __ F.4th __, 2026 U.S. App. LEXIS 27399, at *4 (1st Cir. Sept. 4, 2026) (denying a motion to stay, in part, because the appellants had not requested expedited treatment). The general election is now less than a month away. The district court's order creates uncertainty and confusion over how, if at all, student IDs can be used to register to vote and obtain a ballot during the general election. It runs counter to the consistent and repeated guidance and training issued by the Secretary of State's office over the course of many months that such IDs cannot be used in these election processes. And it is premised on an incorrect construction of New Hampshire law. The parties and the public requires swift resolution of the motion to stay to mitigate these harms.

The Court's October 7 Order expedites the briefing schedule. Order of Ct. at 1. Appellee's response to the Motion to Stay is due by 5:00 p.m. on October 10, 2026. *See id.* Appellants' reply will be due by 5:00 p.m. on the next calendar day, October 11, 2026. *See id.* The appellants renew their request that this Court issue a ruling on the Motion to Stay as soon as is practicable following the parties' submissions. The impending general election, and the equities at issue, support swift resolution of the appellants' motion. *See id.*

WHEREFORE, the appellants respectfully request that this Honorable Court:

A. Expedite briefing and resolution of the motion to stay filed contemporaneously with this motion, consistent with the above; and

B. Grant such further relief as the Court deems just and equitable.

Respectfully submitted,

APPELLANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: October 8, 2026

*/s/ Michael P. DeGrandis*

Anthony J. Galdieri, Bar No. 1175480
New Hampshire Solicitor General
Michael P. DeGrandis, Bar No. 1218329
Assistant Attorney General
anthony.j.galdieri@doj.nh.gov
michael.p.degrandis@doj.nh.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Renewed Emergency Motion to Expedite complies with the word limit established by Federal Rule of Appellate Procedure 27(d)(2)(A) and enlarged by the Court, because the motion contains 750 words. This Motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared using Microsoft Word for Microsoft 365 MSO (Version 2605 Build 16.0.20026.20166) 64-bit in 14-point Times New Roman typeface.

*/s/ Michael P. DeGrandis*
Michael P. DeGrandis

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Participants in the case are represented by registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Michael P. DeGrandis*
Michael P. DeGrandis