APPEAL

# U.S. District Court
# District of New Hampshire (Concord)
# CIVIL DOCKET FOR CASE #: 1:26−cv−00647−JL−TSM

Coalition for Open Democracy v. NH Secretary of State et al
Assigned to: Judge Joseph N. Laplante
Referred to: US Magistrate Judge Talesha L. Saint−Marc
Cause: 42:1983 Civil Rights Act

Date Filed: 08/11/2026
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**Coalition for Open Democracy** represented by

**Ben Clements**
Free Speech For People
48 N. Pleasant St., Suite 304
Amherst, MA 01002
617−943−1803
Email: bclements@freespeechforpeople.org
*ATTORNEY TO BE NOTICED*

**Benjamin David Horton**
Free Speech For People
28 S. Main St.
Suite 200
Sharon, MA 02067
857−245−7187
Email: bhorton@freespeechforpeople.org
*ATTORNEY TO BE NOTICED*

**Courtney Patrice Herndon**
Mintz Levin Cohen Ferris Glovsky & Popeo PC
One Financial Ctr
Boston, MA 02111
617−348−1871
Fax: 617 542−6000
Email: CHerndon@mintz.com
*ATTORNEY TO BE NOTICED*

**Courtney Hostetler**
Free Speech For People
28 S. Main St.
Suite 200
Sharon, MA 02067
617−244−0234
Email: chostetler@freespeechforpeople.org
*ATTORNEY TO BE NOTICED*

**John C. Bonifaz**
Free Speech For People
48 N. Pleasant St., Suite 304

Amherst, MA 01002
617−249−3015
Email: jbonifaz@freespeechforpeople.org
*ATTORNEY TO BE NOTICED*

**Michael S. Gardener**
Mintz Levin Cohen Ferris Glovsky & Popeo PC
One Financial Ctr
Boston, MA 02111
617−542−6000
Email: msgardener@mintz.com
*ATTORNEY TO BE NOTICED*

**Sherwet Witherington**
Mintz Levin Cohn Ferris Glovsky & Popeo PC
919 Third Ave
New York, NY 10022
212−935−3000
Email: SHWitherington@mintz.com
*ATTORNEY TO BE NOTICED*

**Yeilee Woo**
919 3rd Ave
New York, NY 10022
212−935−3000
Email: YWoo@mintz.com
*ATTORNEY TO BE NOTICED*

**Henry Clay Quillen**
Whatley Kallas LLP
159 Middle Street, Suite 2C
Portsmouth, NH 03801
603−294−1591
Fax: 800−922−4851
Email: hquillen@whatleykallas.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NH Secretary of State**
*other*
David M. Scanlan

represented by **Michael P. DeGrandis**
NH Attorney General's Office (Civil)
Civil Bureau
33 Capitol St
Concord, NH 03301−6397
703−731−5650
Email: Michael.P.DeGrandis@doj.nh.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Henry Holl , III**
NH Department of Justice
1 Granite Pl S
Concord, NH 03301
603−371−1325
Fax: 603−271−2110
Email: james.h.holl@doj.nh.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**NH Attorney General**
*other*
John Formella

represented by

**Michael P. DeGrandis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Henry Holl , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2026 | 72 | **ORDER DENYING STAY. So Ordered by Judge Joseph N. Laplante.(ko)** (Entered: 10/07/2026) |
| 10/08/2026 | 73 | Clerk's Supplemental Certificate transmitted to US Court of Appeals re 65 Notice of Appeal with documents numbered 72 .(ko) (Entered: 10/08/2026) |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Coalition for Open Democracy

v. No. 26-cv-647-JL-TSM

NH Secretary of State, et al.

CLERK'S SUPPLEMENTAL CERTIFICATE TO
CIRCUIT COURT OF APPEALS

I, Kellie Otis, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the record on appeal to the First Circuit Court of Appeals:

DOCUMENTS NUMBERED: 72

The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.

Hearing exhibits will be mailed to the First Circuit Clerk's Office upon their request.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, October 8, 2026

**A TRUE COPY - ATTEST**
**Tracy Uhrin, CLERK**

**By Kellie Otis**
**DEPUTY CLERK**
**US DISTRICT COURT,**
**DISTRICT OF NEW HAMPSHIRE**
**Oct 08, 2026**

cc: Counsel of Record

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Coalition for Open Democracy

v. Civil No. 26-cv-647-JL-TSM

NH Secretary of State, et al

# ORDER DENYING STAY

The motion for emergency stay is denied.[1]

The State was on express notice that this court's ruling would issue on October 2 or October 3,[2] and presumably foresaw the possibility of an adverse ruling resulting in the purported need for the stay it now seeks. At oral argument, counsel for the state requested that the court grant a stay if it enjoined HB 323.[3] The court indicated that it would grant a stay if it enjoined the statute.[4] The court did not enjoin the statute, instead enjoining a narrow aspect of the State's implementation of HB 323 without explicitly addressing a stay. Despite the availability of electronic filing, allowing "24/7/365" filing during or outside court business hours, the State did not seek a motion to stay from this court. *See Trump v. CASA, Inc.*, 606 U.S. 831, 876 (2025) ("[D]istrict courts and courts of appeals are . . . not perfectly equipped to make expedited preliminary judgments on important matters of this kind. Yet they have to do so, . . . By law, federal courts are open and can receive and review applications for relief 24/7/365." (citing 28 U.S.C. § 452 ("All courts of the United States shall be deemed always open for the purpose of filing proper papers ... and making motions and orders"))) (Kavanaugh, J., concurring).

Instead it took four days to seek a stay from the Court of Appeals, curiously suggesting in its request that because this court did not grant a stay in its Order Granting Partial Preliminary Injunctive Relief[5] or its Preliminary Injunction Order, [6] "any further request for a stay at the district court level at this late date would be impracticable."[7] The Court of Appeals denied the motion "without prejudice to Defendant-Appellants' pursuit

---

[1] *See* Mot. Stay (doc. no. 70). The motion for expedited emergency treatment (doc. no. 71) is granted).

[2] *See* Responsive email message from court to counsel, Oct. 1, 2026

[3] Sep. 16, 2026 H'rg Tr. (doc. no. 62) at 93.

[4] *Id.*

[5] Doc. no. 63; doc. no. 68.

[6] Doc. no. 64.

[7] *See* Appellants' Emergency Motion to Stay Preliminary Injunction Pending Appeal, Cir. Case No. 26-2132, Doc. no. 3-1.

of a stay pending appeal in the district court in the first instance."[8] Only then did the State actually request a stay of its injunction from this court.

Regardless, the court is not persuaded that a stay is needed. Rather than announce a "new interpretation of state law,"[9] this court's injunction requires only that when evaluating a voter's qualifications to vote under N.H. RSA 654:12(I)(d)(4) or 659:13(I)(c)(1) and (3), election personnel may consider student IDs as part of the "evidence that reasonably establishes" that the voter is who they claim to be.[10] This is based on the *State's own articulation* of state law throughout this litigation. First, the State stipulated that RSA 654:12(I)(d)(4) authorized the use of student IDs for voter registration.[11] Next, the court observed in its September 18, 2026 order to supplement the record that the evidence showed that "voters who present at polling places without valid identification under [] RSA 659:13, as amended by HB 323, are directed to supervisors of the checklist, who review the voter's qualifications in an effort to verify the voter's identity," and directed the State to "clarify its position" on what that review involves.[12] Specifically, it asked whether supervisors "appl[ied] the identity verification provision of RSA 654:12(I)(d)" or some other criteria.[13] The State answered that supervisors apply RSA 654:12(I)(d), explaining:

> The Secretary of State's Office has consistently interpreted RSA 654:12 and RSA 659:13 in harmony. So, RSA 654:12, I(d)'s provision permitting "[a]ny other evidence that reasonably establishes that it is more likely than not that the person is who they claim to be[,]" is the *same process* set forth in RSA 659:13.[14]

In other words, the State itself told the court that a voter without an expressly listed ID under RSA 659:13(II)(a) may obtain a ballot based on other reasonable evidence of identity. That is the same mechanism the State now says does not exist under the post-HB 323 regime. The court's order is therefore not "announcing a new way of interpreting the relationship between statutory provisions," but holding the State to the interpretation it supplied. [15]

---

[8] Order of Court, Cir. Case No. 26-2132, October 7, 2026.
[9] Mot. Stay (doc. no. 70) at 8.
[10] *See* Order Granting Partial Preliminary Injunctive Relief (doc. no. 68) at 50; RSA 654:12(I)(d)(4).
[11] Joint Statement of Facts (doc. no. 46) at ¶ 12.
[12] Order to Suppl. R. (doc. no. 59).
[13] *Id.*
[14] Defs.' R. Suppl. (doc. no. 60) at ¶ 9 (emphasis added).
[15] The State argues for the first time in its motion to stay that, per the language of the statute, "only" the forms of identification listed in RSA 659:13(II)(a) satisfy the voter identity requirement, and therefore RSA 659:13II(a)(1)-(4) "provides an exclusive list of those forms of

The State asserts that "[r]e-educating local election officials and the public in a short time is practically impossible and risks voter confusion and inconsistent application of law that will likely result in voter disenfranchisement." [16] The court already considered and rejected these arguments when it enjoined enforcement of the April Directive.

With respect to the risk of poll worker confusion, the Secretary of State's Election Procedure Manual already issues the explicit guidance that "[t]he ultimate determination of an applicant's qualifications is a judgment that the supervisors of the checklist must make…While the Secretary of State will assist in clarifying what these qualifications are, the supervisors must judge whether an applicant should be registered."[17] It then goes on to inform supervisors of the checklist that "[a]ny other evidence that reasonably establishes that it is more likely than not that the person is who they claim to be" may be "used to prove identity," except that a "student identification card **cannot** be used to prove identity."[18] Thus, the court's order, merely requiring that the State may not instruct supervisors to automatically reject student IDs under RSA 654:12(I)(d)(4) (effectively ordering the Secretary of State to remove the single line that "a student identification card **cannot** be used to prove identity"), is in all other ways consistent with the Election Procedure Manual and creates no greater risk of "inconsistent application of identity verification procedures" [19] than already exists under the Secretary of State's guidance, which expressly recognizes and authorizes independent judgment by local polling station supervisors.

With respect to the risk of voter confusion, the court found such risk "negligible" because "the limited injunction will not negatively impact any qualified voter's right to cast their ballot."[20] To reiterate, the limited injunction will have no effect on the 97% of voting-eligible voters who already possess a qualifying form of government-issued ID, nor the voters who never learn of the limited injunction, and stay home on election day because they believe that their student IDs will not suffice to register or obtain a ballot.[21] For the small minority of voters who lack qualifying identification and do come to the

---

identification that can be used as proof of identification in order to obtain a ballot under RSA 659:13, I," such that the safety valve of RSA 659:12 is unavailable to an already-registered voter who presents at a polling place without one of the expressly enumerated forms of ID. Mot. Stay (doc. no. 70) at 5-6. Not only is this argument, and interpretation, raised for the first time in the motion to stay, but it is inconsistent with the interpretation actually advanced by the State when, as described above, the court probed this specific question left unaddressed by the parties in their papers or during their three days of preliminary injunction hearings. *See* Order to Suppl. R. (doc. no. 59); Defs.' R. Suppl. (doc. no. 60) at ¶ 9 (emphasis added).

[16] Mot. Stay (doc. no. 70) at 11.

[17] Defs.' Ex. B at 16.

[18] *Id*. at 17.

[19] Mot. Stay (doc. no. 70) at 10.

[20] Order Granting Partial Preliminary Injunctive Relief (doc. no. 68) at 46.

[21] *Id.*

polls, the injunction simply restores access to the safety-valve provision of RSA 659:12, consistent with the State's historical practice. Put differently, the injunction removes a barrier; it does not impose any new procedure that officials or voters must learn.

Lastly, the court reminds the State that, for months, the State's guidance has steered voters toward a voucher-based voter ID program that the record suggests is simply not operational. The court found record contained "scant evidence" that the voter ID program is "functional in practice," and moreover provides a "dead end" to voters who arrive at a polling site on election day without a qualifying form of ID.[22] The real risk of voter confusion is created by leaving this guidance untouched, not in granting the limited relief that the order outlines.

Without endorsing the State's rationale for seeking a stay, this court rules immediately without waiting for the plaintiff's objection in order to avoid further passage of time delay on these or related appellate proceedings.

**SO ORDERED**.

Joseph N. Laplante
United States District Judge

Dated: October 7, 2026
cc: Counsel of record

[22] *Id.* at 28-29 (finding "scant evidence" that the voter ID program "is functional in practice.").