NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES

No. 26A512

## DAVID M. SCANLAN, SECRETARY OF STATE OF NEW HAMPSHIRE, ET AL. *v.* COALITION FOR OPEN DEMOCRACY

ON APPLICATION FOR STAY

[October 22, 2026]

"This Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican National Committee* v. *Democratic National Committee*, 589 U. S. 423, 424 (2020) (*per curiam*). Here, the District Court did not point to anything that would justify deviating from that principle. See *People Not Politicians* v. *Onder*, 609 U. S. ___ (Sept. 25, 2026). Accordingly, the application for stay presented to JUSTICE JACKSON and by her referred to the Court is granted. The October 2, 2026, and October 5, 2026, orders granting preliminary injunctive relief by the United States District Court for the District of New Hampshire, case No. 1:26–cv–647, are stayed pending the disposition of the appeal in the United States Court of Appeals for the First Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought. Should certiorari be denied, this stay shall terminate automatically. In the event certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.

JUSTICE JACKSON, dissenting.

The *Purcell* case involved a federal court order that had completely enjoined enforcement of a state statute requiring voters to provide proof of identity when attempting to vote. *Purcell* v. *Gonzalez*, 549 U. S. 1 (2006) (*per curiam*). Given the timing and the potential impact of that disruptive ruling, this Court said that lower courts deciding whether to enjoin an election rule in the lead-up to an election must consider the potential that the order itself might be harmful, insofar as it could cause "voter confusion" or create "incentive[s] to remain away from the polls." *Id.*, at 4–5.

Importantly, this so-called "*Purcell* principle" arose in a particular context, and this Court has yet to fully define its limits. It seems to me that a case involving a court order like the one at issue here—which left the state election rule untouched—does not necessarily fall within the ambit of *Purcell* and its concern about federal courts "changing the election rules" at the last minute. *Republican National Committee* v. *Democratic National Committee*, 589 U. S. 423, 424 (2020) (*per curiam*).

Here, the District Court made a (certainly not clearly erroneous) determination that correcting a publicized misstatement about what New Hampshire's election rules require was necessary to ensure that certain citizens were not unduly burdened in their exercise of the fundamental right to vote.* So it issued a targeted order, requiring only that

---

*In the District Court's view, the plain text of the statute and all of the testimony submitted during three days of hearings—from both sides—demonstrated that the public statements and guidance that New Hampshire's secretary of state was providing about the State's recently amended registration and ballot-receipt requirements were, at best, misleading. See N. H. Rev. Stat. Ann. §659:13(I)(c) (Cum. Supp. 2025); §654:12(I)(d)(4) (2026); see also App. to Application for Stay 47a ("[T]he Deputy Secretary of State conceded that he did not see any factual reason

the relevant government official conform his public statements to the letter of state law rather than summarizing what the law required in a manner that could mislead voters and local election workers.

Consequently, here, the District Court's injunction was reasonably designed to address alleged misinformation, not to change the law. Under such circumstances, the relief the District Court provided actually promoted the interests *Purcell* sought to protect. When a federal court determines that material misrepresentations are being made about a State's election rules, an injunction to prohibit that conduct does not *contribute* to public confusion, it *prevents* that very problem. Cf. *Purcell*, 549 U. S., at 4–5 (highlighting the risk of confusion "result[ing]" from "[c]ourt orders").

I respectfully dissent because—even, and perhaps especially, when an election is looming—I would not disturb a clearly justifiable federal-court order issued to ensure that the public receives accurate information about a State's electoral processes.

---

why a student ID could not be reasonable evidence of a prospective voter's identity under the safety valve included in New Hampshire's voter identification regime" (internal quotation marks omitted)).