# United States Court of Appeals
## For the First Circuit

---

**DOCKETING STATEMENT**

**No.** 26-2132 **Short Title:** Coalition for Open Democracy v. Scanlan

**Type of Action**

- ☑ Civil
- ☐ Criminal/Prisoner
- ☐ Cross Appeal

A. Timeliness of Appeal
   1. Date of entry of judgment or order appealed from October 2 & 5, 2026
   2. Date this notice of appeal filed October 5, 2026
      If cross appeal, date first notice of appeal filed ____________
   3. Filing date of any post-judgment motion filed by any party which tolls time under Fed. R. App. P. 4(a)(4) or 4(b) ____________
   4. Date of entry of order deciding above post-judgment motion ____________
   5. Filing date of any motion to extend time under Fed. R. App. P. 4(a)(5), 4(a)(6) or 4(b) ____________
      Time extended to ____________

B. Finality of Order or Judgment
   1. Is the order or judgment appealed from a final decision on the merits? ☐ Yes ☑ No
   2. If no,
      a. Did the district court order entry of judgment as to fewer than all claims or all parties pursuant to Fed. R. C. P. 54(b)? ☑ Yes ☐ No
         If yes, explain Prelim. inj. issued as to Sec'y-guidance only, not the statute the guidance interpreted
      b. Is the order appealed from a collateral or interlocutory order reviewable under any exception to the finality rule? ☑ Yes ☐ No
         If yes, explain The district court issued a preliminary injunction [28 U.S.C. § 1292(a)(1)]

C. Has this case previously been appealed? ☐ Yes ☑ No
   If yes, give the case name, docket number and disposition of each prior appeal
   However, the U.S. Supreme Court (No. 26A512, Oct. 22, 2026) stayed this case pending appeal in this Court

D. Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court? ☑ Yes ☐ No
   If yes, cite the case and manner in which it is related on a separate page. If abeyance or consolidation is warranted, counsel must file a separate motion seeking such relief.

E. Were there any in-court proceedings below? ☑ Yes ☐ No
If yes, is a transcript necessary for this appeal? ☑ Yes ☐ No
If yes, is transcript already on file with district court? ☑ Yes ☐ No

F. List each adverse party to the appeal. If no attorney, give address and telephone number of the adverse party. Attach additional page if necessary.

1. Adverse party See Attachment for details
Attorney
Address
Telephone

2. Adverse party
Attorney
Address
Telephone

3. Adverse party
Attorney
Address
Telephone

G. List name(s) and address(es) of appellant(s) who filed this notice of appeal and appellant's counsel. Attach additional page if necessary.

1. Appellant's name David M. Scanlan, in his official capacity as N.H. Secretary of State
Address 29 Hazen Drive, Concord, NH 03301
Telephone (603) 271-3242

Attorney's name Matthew T. Broadhead; Michael P. DeGrandis
Firm N.H. Department of Justice, Office of the Attorney General
Address 1 Granite Place South, Concord, NH 03301
Telephone (603) 271-1252

2. Appellant's name John M. Formella, in his official capacity as N.H. Attorney General
Address 1 Granite Place South, Concord, NH 03301
Telephone (603) 271-1252

Attorney's name Matthew T. Broadhead; Michael P. DeGrandis
Firm N.H. Department of Justice, Office of the Attorney General
Address 1 Granite Place South, Concord, NH 03301
Telephone (603) 271-1252

Will you be handling the appeal? (In criminal cases counsel below will handle the appeal unless relieved by this court.) ☑ Yes ☐ No

Fed. R. App. P. 12(b) provides that each attorney who files a notice of appeal must file with the clerk of the court of appeals a statement naming each party represented on appeal by that attorney. 1st Cir. R. 12.0 requires that statement in the form of an appearance.

Signature________________________________

Date October 23, 2026

## Docketing Statement Attachment

***D. Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court? ☑ Yes ☐ No***

***If yes, cite the case and manner in which it is related on a separate page. If abeyance or consolidation is warranted, counsel must file a separate motion seeking such relief.***

***N.H. Youth Movement v. Scanlan*, No. 26-1740 (1st Cir.):** Appeal from the U.S. District Court for the District of New Hampshire (Consol. D.N.H. Nos. 1:24-cv-00291 and 312) is pending in the First Circuit Court of Appeals. The *N.H. Youth Movement* appeal is very closely related to this case because Open Democracy asserts *Havens Realty* organizational standing in both cases. Moreover, in response to Defendants' argument below that HB 323 does not directly interfere with Open Democracy's core business activities causing a perceptible impairment, the district court made this conclusion:

> In order to ensure the orderly and efficient administration of justice involving a similar challenge between the same parties litigating the ramifications of a closely related provision of state election law in this District Court, the court assumes without deciding that Open Democracy has standing to pursue its challenge to HB 323 and the April 23 directive based on Chief Judge Elliott's reasoning in *New Hampshire Youth Movement v. Scanlan*, 833 F.Supp.3d 93 (D.N.H. 2026) (Elliott, C.J.).

ECF No. 68 at 20. The district court acknowledged that interpretations of *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) and *FDA v. All. for Hippocratic Med.*, 602 U.S. 367 (2024) are issues on appeal *N.H. Youth Movement*. *See id.*

***Dorcas Intern'l Inst. of R.I. v. United States Citizenship & Immigration Servs.*, No. 26-1703 (1st Cir.):** Appeal from the U.S. District Court for the District of Rhode Island (D.R.I. No. 1:26-cv-00132) is pending in the First Circuit Court of Appeals. The First Circuit will decide questions surrounding Article III organizational standing. This will include an analysis of prior circuit precedent including *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33 (1st Cir. 2012),

*Equal Means Equal v. Ferriero*, 3 F.4th 24, 29–30 (1st Cir. 2021), and *Town of Milton v. Fed. Aviation Admin.*, 87 F.4th 91, 99 (1st Cir. 2023). The Court will do so in the context of the United States Supreme Court decision, *FDA v. All. for Hippocratic Med.*, 602 U.S. 367 (2024).

***Cairo v. Bellows*, No. 26-1958 (1st Cir.):** Appeal from the United States District Court for the District of Maine (D. Me. No. 2:26-cv-00335) is pending in the First Circuit Court of Appeals. The plaintiffs sought a preliminary injunction in the district court that would bar Maine's Secretary of State from enforcing Maine's residency and voter registration requirements in certain circumstances. Their constitutional challenge to Maine's election law is both facial and as-applied. The Court will apply the *Anderson-Burdick* framework to the claims and it will consider the scope of federal court authority to enjoin state election laws. The Court will also consider the implications of the *Pennhurst* doctrine in the context of federal court interpretations of state election laws.

***Arizona v. Promise Arizona*, No. 25-1022 (U.S.):** Petition for writ of certiorari pending in the United States Supreme Court. The petition presents Article III standing questions including whether an organization suing on its own behalf has suffered injury-in-fact where it shows only a diversion of resources. On October 5, 2026, Arizona filed a Supplemental Brief for the Petitioners to alert the Supreme Court to the Ninth Circuit's *Ariz. Alliance for Retired Americans v. Mayes* ("*AARA*") decision. 186 F.4th 622 (9th Cir. 2026) (en banc). The 11-judge *AARA* panel unanimously reversed decades of circuit precedent that analyzed organizational standing, in the panel's words, "without the benefit of *Hippocratic Medicine*." *Id.* at 633-34. If the Supreme Court issues the writ, the Court is likely to expound upon *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024) and its proper application to Appellees' organizational standing in this First Circuit appeal.

***Republican Nat'l Comm. v. Eakin*, No. 25-962 (U.S.):** Petition for writ of certiorari pending in the United States Supreme Court. The petition presents questions regarding application of the *Anderson-Burdick* framework, the nature of minimal burdens and conditions on voting, and the appropriate scrutiny level to apply to the burdens alleged in the lawsuit. If the Supreme Court issues the writ, the Court is likely to expound upon *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181 (2008), and both its plurality opinion and Justice Scalia's concurrence, and Justice Scalia's application of *Burdick v. Takushi*, 504 U.S. 428 (1992).

---

***F. List each adverse party to the appeal. If no attorney, give address and telephone number of the adverse party. Attach additional page if necessary.***

1. *Adverse party* **Coalition for Open Democracy**

| | |
|---|---|
| *Attorneys* | Free Speech For People: Courtney M. Hostetler, John C. Bonifaz, Ben T. Clements, and Benjamin David Horton |
| *Address* | 28 S. Main St., Suite 200, Sharon MA 02067 |
| *Telephone* | (617) 244-0234 |
| *Attorneys* | The Law office of Bryan L. Sells, LLC: Bryan L. Sells |
| *Address* | P.O. Box 5493, Atlanta, GA 31107 |
| *Telephone* | (404) 480-4212 |
| *Attorneys* | Whatley Kallas, LLP: Henry Clay Quillen |
| *Address* | 159 Middle St., Suite 2C, Portsmouth, NH 03801 |
| *Telephone* | (603) 294-1591 |
| *Attorneys* | Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.: Michael Steven Gardener, Hannah Edge, Courtney Patrice Herndon, Sherwet Witherington, and Yeilee Woo |
| *Address* | 1 Financial Ctr., Boston, MA 02111 |
| *Telephone:* | (617) 542-6000 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I filed the foregoing via the United States Court of Appeals for the First Circuit's CM/ECF system, serving all counsel of record in this appeal.

*/s/ Michael P. DeGrandis*
Michael P. DeGrandis